## JACOBY BROS, INC v LEVIN

Ohio Appeals, 9th Dist, Lorain Co

No 741.   Decided May 24, 1935

Stevens & Stevens, Elyria, for plaintiff in error.

Levin & Levin, Lorain, for defendant in error.

## OPINION

By STEVENS, J.

The opening statement as to defendant's negligence, the evidence with reference thereto, and special charges Nos. 4 and 5, related to matters attempted to be pleaded by amendment, which amendments were rejected by the trial court, and dealt with situations which were not included in the pleadings, and which had no applicability to the case pleaded; and in allowing said opening statement to be made and said evidence to be introduced, and in giving said special charges, the trial court was led into an inconsistent position.

Either the amendment to the petition hereinbefore quoted should have been permitted, so as to allow the introduction of said evidence and the giving of said special charges, or all of said evidence should have been rejected. and said special requests refused as not being applicable to the case pleaded.

Five assignments of error are presented:

1. That there is no substantial evidence upon which to ground defendant's liability.

2. That to support the judgment, resort

must be had to an inference based upon an inference.

3. That the court should have directed a verdict for defendant.

4. Error in the admission of evidence.

5. Error in giving plaintiff's special charges before argument Nos. 4 and 5.

The evidence, as disclosed by the record, shows that plaintiff's fall occurred in a narrow aisle, in close proximity to a meat cutting block used by the agents of defendant in the conduct of its meat business. The uncorroborated testimony of plaintiff is to the effect that she observed small particles of meat and grease upon the floor of said aisle immediately after her fall, and that her dress and shoes were soiled and greasy from their contact with the floor.

At no place in plaintiff's testimony did she state that she slipped upon the grease or meat particles.

The inferences to be drawn from plaintiff's testimony are, at best, that said particles of meat and grease found their way upon the floor of said aisle through the acts of defendant's agents in allowing the same to fall there, and that by reason of the presence of said particles in said aisle, plaintiff slipped thereon and fell and was injured.

We seriously doubt that the evidence adduced by plaintiff presented a case for submission to the jury, under the rule announced in **Hamden Lodge v Ohio Fuel Gas Co, 127 Oh St 469**, but it is not necessary to predicate a reversal of this case upon that ground.

Plaintiff called as her witness Nick Vian, and was permitted to cross-examine him as a hostile witness. Numerous questions were propounded to said witness with reference to testimony given by him in a deposition previously taken, and upon his denying having made certain answers contained in the transcript of said testimony, plaintiff thereafter called Gladys Brucker, the reporter from the Municipal Court of Lorain, who, over the objection and exception of defendant, was permitted from her notes to contradict the testimony of said Vian.

A like course was followed with reference to the testimony of Harry Moehlman, another of plaintiff's witnesses.

It has long been the rule in Ohio that—

"2. In case the witness denies having made such statements, or his answer is ambiguous concerning them, it is not competent for the party calling him, to prove them by other witnesses."

**Hurley v The State, 46 Oh St 320.**

It is our opinion that allowing plaintiff to impeach the testimony of plaintiff's witnesses Vian and Moehlman constituted error.

Complaint is made of the giving before argument of plaintiff's requests Nos 4 and 5.

Without approving request No. 4, we address ourselves only to request No. 5.

From our reading of the record, there is no evidence contained therein that plaintiff slipped and fell upon any particles of meat, fat, bone, or other greasy substance, but if it can be said that there was such evidence, it was a mere inference based upon the presence of some of said substances in said aisle, and the evidence that plaintiff did fall.

There is the evidence of the plaintiff to the effect that after her fall she observed particles of meat and grease upon the floor of said aisle; but there is no evidence as to how said particles of meat and grease came to be upon said floor, who placed them there, or for how long a time they had been there.

Under the charge as given, the jury would have had to pass upon three different questions before it could reach a conclusion that defendant was liable:

First, it would have had to conclude that particles of meat and grease were upon the floor of said aisle. This it could do from the direct evidence of plaintiff in reference thereto.

Second, it would have to find that plaintiff's fall was caused by her slipping upon said particles, and, as has been said, such conclusion is one of inference only.

Third, that the presence of said particles on the floor was due to the negligence of the defendant, either because it placed them there, or because they had been there a sufficient length of time to charge it with notice and knowledge of their presence. There was no evidence, either direct or by inference, as to how long said particles had been upon the floor, and no direct evidence that the defendant put them on the floor; therefore, there is at best but an inference that the defendant did so, and there is no charge in plaintiff's pleadings that defendant put said particles on the floor.

For the jury, under such circumstances, to conclude that the defendant was negligent, it would necessarily have had to base an inference upon an inference, which process has been prescribed by our Supreme Court in **Lashure v East Ohio Gas Co., 119 Oh St 9**. See also **17 O. Jur., "Evidence," §69, p. 87**.

The foregoing, however, does not present the only vice inherent in said special instruction. The degree of care required of defendant in the maintenance of the meat block in question was such care as ordinarily prudent persons would exercise under the same or similar circumstances, and that rule was not carried into the instruction, as given, but on the contrary was entirely omitted therefrom, and the court charged the jury that— ·

"Plaintiff's Request No. 5. If you find from a preponderance of the evidence that defendant did maintain a meat block in such close proximity to said passageway in question that defendant knew or should have known that particles of meat, fat, bone or other meaty or greasy substances would fall from said meat block and that certain particles of meat, fat, bone or other greasy substances did fall from said meat block into said passageway and that as a result thereof plaintiff did slip and fall, sustaining certain injuries, and that plaintiff was not guilty of any negligence which directly contributed to her said injuries, then your verdict must be for the plaintiff."

In so charging, the court removed from the consideration of the jury the question of whether the defendant did exercise the required degree of care, and in effect charged that, under the circumstances stated in the instruction, if found, defendant was guilty of negligence.

Such a charge, if applicable to the case pleaded, encroached upon the province of the jury, and constituted prejudicial error.

For error in permitting the impeachment, by plaintiff, of plaintiff's own witnesses, and for error in giving plaintiff's special request No. 5, the judgment must be reversed and the cause remanded.

FUNK, PJ, and WASHBURN, J, concur in judgment.